UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sherry Smalls, | ) | C/A No. 9:21-cv-02803-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Hampton County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, represented by counsel, brings this action asserting various employment law claims against her former employer. In her Amended Complaint, Plaintiff alleges five causes of action for violations of the following federal statutes: (1) 42 U.S.C. § 1981; (2) Title VII of the Civil Rights Act of 1964; (3) the Americans with Disabilities Act; (4) the Rehabilitation Act of 1973; and (5) 42 U.S.C. § 1983. ECF No. 19.

Before the Court is Defendant's Motion for Partial Judgment on the Pleadings ("Motion"), filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 24. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Because Defendant's Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

**DISCUSSION**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims where the material facts are not

in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Billioni v. Bryant*, C.A. No. 0:14–CV–3060–JMC, 2015 WL4928999, at *1 (D.S.C. 2015) (citations and quotations omitted).

In its Motion, Defendant seeks judgment on the pleadings as to Plaintiff's claims under 42 U.S.C. §1981 (First Claim) and under the Rehabilitation Act (Fourth Claim). Plaintiff filed a brief Response to the Motion, asserting only the following: "The Plaintiff concedes her Rehabilitation Act and 42 U.S.C. 1981 claims. Her 42 U.S.C. 1982 [*sic*], Title VII, and ADA claims remain in controversy." ECF No. 25. Defendant filed a Reply, requesting that the Court enter partial judgment on the pleadings pursuant to Rule 12(c), in light of Plaintiff's concession on the claims in question. ECF No. 26. The Motion is ripe for review.

As Plaintiff does not oppose Defendant's Motion but, rather, concedes to the dismissal of the Rehabilitation Act and 42 U.S.C. § 1981 claims, the undersigned recommends that Defendant's Motion be granted. *See Gross v. Jackson*, No. CV 2:21-0084-RMG, 2021 WL 4993605 (D.S.C. Oct. 27, 2021).

## **RECOMMENDATION**

Based upon the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 24) be **GRANTED** and that the 42 U.S.C. § 1981 claim and the Rehabilitation Act claim be **DISMISSED**.

The parties' attention is directed to the important notice on the next page.

*/s/ Molly H. Cherry*
Molly H. Cherry
United States Magistrate Judge

June 6, 2022
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).